**Carleen HALLSTEAD, Plaintiff–Appellant,**

v.

**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, ·a corporation, Defendant–Appellee.**

No. 06–55755.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 2008.

Filed March 11, 2008.

---

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Douglas K. Devries, Esq., Devries Law Firm, Sacramento, CA, D. Scott Mohney, Esq., Robert K. Scott, Esq., Law Offices of Robert K. Scott, Irvine, CA, for Plaintiff–Appellant.

Susan H. Handelman, Esq., Pamela Cogan, Esq., Ropers, Majeski, Kohn & Bentley, Redwood City, CA, for Defendant–Appellee.

Before: PREGERSON, ARCHER *, and WARDLAW, Circuit Judges.

MEMORANDUM **

Carleen Hallstead appeals the district court's grant of summary judgment in favor of defendant Liberty Life Assurance Company of Boston ("Liberty Life"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

"Federal courts have authority to require plan participants to exhaust available administrative remedies before bringing an action under ERISA, and as a matter of sound policy they should usually do so." *Smith v. Ret. Fund Trust of Plumbing, Heating and Piping Indus. of S. Cal.*, 857 F.2d 587, 591 (9th Cir.1988) (internal quotation marks omitted). The district court erred in concluding that, based on the undisputed record, Ms. Hallstead failed to exhaust her administrative remedies.

On October 19, 2004, Liberty Life sent Ms. Hallstead a letter terminating her disability benefits. The letter stated that, if Ms. Hallstead wished to appeal, within 180 days she must request review and state the reasons why she felt her claim should not have been denied. On December 10, 2004, after Ms. Hallstead provided Liberty Life with written notification that she intended to appeal, Liberty Life responded: "We have received your request for a review of the recent claims determination on your Long Term disability benefits. We ask that you please submit any medical and/or vocational information that *you feel* supports your position and we will review your file" (emphasis added). Ms. Hall-

* The Honorable Glenn L. Archer, Jr., Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

stead had previously provided all of her medical records to Liberty Life, and its consulting physician had requested and received recent medical records from her treating physician. Although Ms. Hallstead never provided the statement required by the October 19 letter, she reasonably relied on the permissive language in Liberty Life's subsequent December 10 letter when she chose not to provide Liberty Life with any further information. Liberty Life's position that Ms. Hallstead failed to exhaust her remedies collapses upon its own contradictory instructions to Ms. Hallstead and is belied by its internal records. Therefore, Ms. Hallstead exhausted her administrative remedies and may proceed with her suit.

**REVERSED and REMANDED.**